Morphy, J.
delivered the opinion of the court.
The parties to this suit appeared before us at last March term, in an appeal from an order of seizure and sale, sued out by plaintiff. The amount due and assumed to be paid by defendant appearing doubtful and unadjusted in the sale of the property to him, the executory proceedings were set aside, and the plaintiff left to proceed by ordinary suit. 15 La. Rep. 125.
The petitioner in her own right, and as administratrix of the succession of M. Dupuy, since deceased, seeks to recover, as a mortgage debt on the land [64] and slaves sold by the deceased to T. Lessassier, and now owned by the defendant, the sum of $13,200, the amount of the price with ten per cent, interest per annum on $11,000, from the 1st of April, 1830. She claims this *43 under the mortgage stipulated in the sale of Dupuy to Lessassier, and the assumption of it by the defendant in the sale of the property to him by Lessassier. The defence set up is, that Dupuy’s mortgage has been prescribed for want of a reinscription, within the ten years following the date of its registry ; and that the debt has been extinguished by various payments made by Lessassier; a note of Dupuy to the order of one Menier, which was held by Lessassier, was also pleaded as a set-off.
The case was tried before a jury, who gave plaintiff a verdict for $11,640, with interest at ten per cent, per annum for two years and a half back, until paid, with mortgage and privilege on the property. A motion for a new trial was made and refused by the court, who, upon a remittitur being entered by the plaintiff’s counsel, rendered judgment only for $8,659, with interest at ten per cent, per annum from the 20th of June, 1835, till paid; from this judgment the defendant appealed.
The record shows that on the 13th of August, 1828, Marcel Dupuy sold to T. Lessassier a tract of land and negroes for $13,200, of which $2,200 were payable in March, 1829. As to the balance, the purchaser had the privilege to postpone the payment of it from year to year, until the end of March, 1838, on paying ten per cent, per annum interest thereon, with the understanding that all moneys paid on account in that interval should be received and imputed in payment of the principal. On the 8th of March, 1836, T. Lessassier sold the same land and slaves, together with other adjoining lands and other slaves, to the defendant for the sum of $6Q,000, payable in five instalments of $12,000 each ; the first payable as soon as the renunciation [65] of the vendor’s wife could be obtained, and the four others at one, two, three, and four years, from the day of sale. But as there were, according to the certificate of the parish judge, certain mortgages bearing on the land and slaves in favor of the several vendors to Lessassier, and among others the one in favor of M. Dupuy, it was agreed that Dashiell should give notes on the second and third instalments, only for the balance remaining on them, after deducting the mortgage claims due by Lessassier on the property : he (Dashiell) retaining in his hands the amounts so deducted. Thus it is stated that on the payment due the 8th of March, 1837, of $12,000, there shall be retained in his hands by the vendee, who assumes the payment thereof $1,800 mortgage due to Mrs. E. Le Blanc; $5,000 due to Woodward, and $1,100 interest due to M. Dupuy, on the 13th August, 1837; leaving only $4,100; for which the purchaser furnished his note. In like manner, from the sum of $12,000, due the 8th of March, 1838, there was retained $640, interest due 13th August, 1838, and the capital due to M. Dupuy, to wit, $11,000, leaving only a balance of $360, for which the purchaser gave his note. Eor the fourth and fifth instalments, notes in full were given, but as there were some doubts whether the sums due on the mortgages were accurately stated, it was agreed that the notes should remain deposited in the notary’s hands, subject to an ulterior adjustment.
Dupuy’s mortgage was first recorded on the 13th of October, 1828, and it was reinscribed only on the 9th of March, 1839. It is clear that this renewal of the registry after the expiration of ten years, could not avail the plaintiff *44 against an ordinary third possessor or subsequent mortgagees. But plaintiff contends that the defendant, in the sale to him, assumed the payment of the mortgage, and that the recording of this act operated as a reinscription of it; [66] that if it does not, the defendant’s declarations and assumptions in the sale are equivalent to the granting of a new right of mortgage on the plantation and slaves sold in favor of Dupuy. The defendant, on the other hand, denies that the old mortgage of Dupuy was assumed or a new one created, because the assumption, he maintains, was only a personal obligation on his part to pay the debt of-Dupuy, and that any part of it which may be found due is not secured by mortgage. It is not necessary to decide, nor are we prepared to say, that the registry of the assumption of a mortgage by a second purchaser must operate as a renewal of the recording of it against third persons to all intents and purposes, but surely the objection of the want of a new registry comes with a singular bad grace from the defendant, and cannot avail him. Independent of the general declaration that he assumes the amount of the mortgages on the property by him purchased, he agrees to assume the payment of certain specified mortgage claims which he on that account deducts from the second and third instalments and retains in his hands. Is not this a clear assumption of Lessassier’s obligations as a mortgage debtor ? He says in another part of the deed that the plantation and slaves are to remain specially mortgaged to secure the payment of the'four last instalments of $12,000 each, a part of which, by his own stipulations, was made payable to the mortgage creditor^ of his vendor, and the balance only was made payable to Lessassier himself in the notes agreed to be given. This clause wo think had the effect of giving a new right of mortgage to Dupuy, Le Blanc and Woodward, to secure the sums due them by Lessassier on the property. It is such a stipulation as would have entitled M. Dupuy to sue out directly against the defendant an order of seizure and sale instead of resorting to an hypothecary action; had the amount thus assumed been finally adjusted in the sale. But even if there could be any doubt as to this right of mortgage [67] under the defendant’s assumption and declarations, the plaintiff would be entitled to exercise Lessassier’s lien, as vendor of the property; because the sums deducted from the instalments and retained by defendant are part of the purchase-money which Lessassier stipulated should be payable to Dupuy and others in discharge of his obligations to them. Under this stipulation pour autrui, Dupuy has, as to the sums due him, all the rights and privileges which Lessassier himself could exercise on the property,
We come next to the plea of payment set up by the defendant. To sustain it he bas introduced several receipts of Dupuy from Lessassier; the payments they establish are admitted except two, to wit, one of $1000 and another of $300. Two accounts were filed by the plaintiff as rebutting evidence in relation to these disputed payments. In the first of these accounts exhibiting a debt from Dupuy to Lessassier of $2827, and receipted by the latter on the 21st of April, 1832, is mentioned a sum of $1000 á wus combé le 13 Mars, 1832, being the very date of the receipt produced for the $1000, and a receipt for $4960 is executed on the very day that this account was receipted for by Lessassier, to wit, the 21st of April, 1832, showing clearly we *45 feint, that the one_of $1000 HOW biOUght against Dupuy had already been charged to him in the receipted aceoRSt- ÍA his possession, and that this account of $2821 was part of the payment of $4960 acknowledged Dupuy to have been made the very day Lessassier receipted the said account. The same remark must apply to a draft of $300 of Dupuy in favor of V. Babin, and paid by Lessassier; its amount appears to have already been charged to Dupuy in an account receipted by Lessassier on the 26th of July, 1833, the very day that Dupuy gave Lessassier a receipt for $1240. As to the note of $1333 69, offered by defendant as a set-off, it appears that this note is not indorsed by Menier, to whose order it was drawn by Dupuy, and has remained the property of Menier till the time of his death; it was inventoried as belonging to his estate, and came to the hands of Lessassier as administra- [68] tor of his succession; no evidence is shown that Lessassier acquired any right of ownership in this note which would have enabled him to plead it in compensation against a debt due by himself. The plea of set-off based upon it by defendant, cannot therefore be sustained. Excluding then the three items just examined, and allowing the defendant the right which he clearly has, of availing himself of and pleading all the payments proved by Dupuy’s receipts, we find upon making the imputation of these sums on the principal and interest due by Lessassier, a balance in favor of plaintiff of $6186 94, which was due on the 20th of June, 1835, the dato of Dnpuy’s last receipt. The judgment below must be set aside because it does not follow the verdict; and because we think that there is error in the verdict itself in not allowing the defendant the benefit of the payments proved to have been made by Lessassier.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and proceeding to give such judgment as in our opinion ought to have been rendered below, it is ordered that there be judgment in favor of the plaintiff in her said capacity, for the sum of six thousand one hundred and eighty-six dollars and ninety-four cents, with interest at the rate of ten per cent, per annum from the 20th of June, 1835, until paid, with mortgage and privilege on the land and slaves sold by Marcel Dupuy to Timoleon Lessassier; and it is further ordered that the said property be seized and sold according to law, to satisfy the debt and mortgage aforesaid, with costs in the court below; the appellee to pay the costs of this appeal.